UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEAN DiRESTA MARTIN,

                            Plaintiff,

v.                                                                     6:21-CV-0981
                                                                      (GTS/ATB)

PAUL J. MARTIN, JR.,

                            Defendant.
_____

APPEARANCES:                                               OF COUNSEL:

JEAN DiRESTA MARTIN
  Plaintiff and Counter Defendant, *Pro se*
84 Maple St.
Oneonta, NY 13820

PAUL J. MARTIN, JR.
  Defendant and Counter Claimant, *Pro se*
4 Collamer Rd.
Malta, NY 12020

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this civil rights action filed by Jean DiResta Martin ("Plaintiff") against Paul J. Martin, Jr. ("Defendant") is Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and a motion for sanctions.[1] (Dkt. No. 8.) For the reasons set forth below, Defendant's motion to dismiss is granted in part and denied in part.

---

[1]     Although Defendant's motion to dismiss does not cite Fed. R. Civ. P. 12(b)(6), he seeks a "dispositive motion for dismissal, a ruling that the complaint was knowingly submitted without merit . . . and . . . for frivolous[ness] . . . ." (Dkt. No. 8-1, at 2.)

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint and Relevant Procedural History

Generally, liberally construed, Plaintiff's *pro se* Complaint filed on September 1, 2021, asserts a claim pursuant to 42 U.S.C. § 1983 against Defendant (Plaintiff's ex-husband) regarding his attempted enforcement of an allegedly fraudulent court order ("the Order") requiring Plaintiff to pay a certain sum to the Internal Revenue Service ("IRS"). (Dkt. No. 1, at 2-3.) As relief, Plaintiff seeks the following three forms of relief: (1) an injunction barring Defendant from enforcing the Order; (2) res judicata (citing Internal Revenue Code § 6015(g)(2)); and (3) monetary damages from Defendant in the amount of $33,000, stemming from lost income due to litigating this matter. (*Id.* at 4.)

On November 16, 2021, Defendant filed his motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 8.) On November 29, 2021, Defendant filed his Answer to Plaintiff's Complaint, in which he does not answer all of the allegations set forth in Plaintiff's Complaint but, among other things, restates his contention that "[P]laintiff does not state an actual civil rights violation" and includes a counterclaim against Plaintiff "for frivolous use of the Federal Court System[.]" (Dkt. No. 11, at 3, 5-6.) Defendant's Answer also includes a request for "sanctions against the plaintiff so she does not continue a pattern of filing frivolous actions." (*Id.*).

On December 1, 2021, Plaintiff filed her opposition to Defendant's motion. (Dkt. No. 12.) On December 9, 2021, Defendant filed his reply to Plaintiff's opposition. (Dkt. No. 15.)

### B. Summary of Parties' Briefing on Defendant's Motion to Dismiss

#### 1. Defendant's Memorandum of Law

Generally, in support of his motion to dismiss, Defendant sets forth eight arguments. (Dkt. No. 8-1.)

First, Defendant argues that due process by the Saratoga County Supreme Court is not a civil rights violation. (*Id.* at 3.) More specifically, Defendant argues that Plaintiff does not cite any law or rule that he violated, and that Plaintiff had an opportunity to appeal the Order in the proper venue (i.e., the state court issuing the Order), but abandoned that process. (*Id.*) Defendant argues that the action Plaintiff challenges (i.e., the Order issued by the Saratoga County Supreme Court requiring Plaintiff to pay a portion of the IRS tax debt attributed to Defendant) was taken by a state court, not Defendant. (*Id.*)

Second, Defendant argues that federal court is the wrong venue for a post-divorce marital issue. (*Id.*) More specifically, Defendant argues that, because the issue in this lawsuit is a post-divorce matter in the Saratoga County Supreme Court, the Court does not have federal-question jurisdiction. (*Id.* at 4.)

Third, Defendant argues that he is not a proper party for Plaintiff's lawsuit. (*Id.*) More specifically, Defendant argues that he did not issue the Order that Plaintiff currently challenges. (*Id.*) Defendant also argues that, based on his contention that Plaintiff lied on a federal IRS form, he hired an attorney to file an order to show cause in the Saratoga County Supreme Court, and that this participation in the legal process did not conflict with the U.S. Constitution or any other federal law. (*Id.*)

Fourth, Defendant argues that, contrary to Plaintiff's contention that the IRS decision is one from a higher court, the IRS is not a judicial branch of government. (*Id.* at 5.) Defendant argues that the section of the IRC Code that Plaintiff cites in her Complaint is not applicable to

3

the proceedings in the Saratoga County Supreme Court. (*Id.*)

Fifth, Defendant argues that there is no justification for Plaintiff's request for monetary damages. (*Id.*) More specifically, Defendant argues that Plaintiff attempts to use the federal court system to enrich herself and asks the Court to deny her request as frivolous. (*Id.*)

Sixth, Defendant argues that Plaintiff's Complaint provides no basis for an injunction against him. (*Id.* at 6.) More specifically, Defendant argues that he has a civil right to use both the state and federal judicial systems to remedy Plaintiff's false claims against him. (*Id.*)

Seventh, Defendant argues that Plaintiff's Complaint is frivolous. (*Id.*) More specifically, Defendant argues that Plaintiff filed her Complaint to obstruct the Saratoga County Supreme Court and to harass Defendant. (*Id.*)

Eighth, Defendant argues that the Court should sanction Plaintiff for using the federal court system in a frivolous manner. (*Id.* at 7.) More specifically, Defendant argues that, as a small-business owner, searching for attorneys and defending himself in this lawsuit took time away from his ability to work. (*Id.*)

## 2.  Plaintiff's Opposition Memorandum of Law

Generally, in support of her opposition, Plaintiff argues that she filed her innocent spouse claim outside of the post-marital case that occurred in the Saratoga County Supreme Court and was awarded equitable relief under Title 26 – Internal Revenue Code § 6015. (*Id.* at 1-2.) Plaintiff argues that neither the Separation Agreement or the Divorce Decree directs her on how to file or pay the 2015 tax return at issue, and therefore, federal laws and procedures take precedence regarding the 2015 tax filing. (*Id.* at 2.) Plaintiff argues that Defendant participated in the innocent spouse proceedings before the IRS and was non-meritorious. (*Id.*) Plaintiff argues

that, upon receipt of the Saratoga County Supreme Court order dated April 27, 2020 (i.e., the Order at issue in this lawsuit), Plaintiff contacted the IRS, which informed her of the following four points: (1) that the Order was in direct violation of her civil rights; (2) that the Order emanated from the wrong legal jurisdiction; (3) that she was not (and would not be) required to pay Defendant's tax bill from 2015; and (4) that her innocent spouse final determination was promulgated devoid of influence by the New York State Supreme Court divorce decree and post-marital proceedings. (*Id.* at 3.) Plaintiff argues that Defendant failed to provide proof to substantiate any of his claims, and also argues that he is the correct defendant in this lawsuit because he is threatening to penalize Plaintiff for following the Order and for proceeding in accordance with the advice she received from the IRS. (*Id.*)

### 3. Defendant's Reply Memorandum of Law

Generally, in support of his reply, Defendant sets forth the following four arguments: (1) this Court is not the proper venue, because the parties signed a separation agreement (which was made part of the divorce order) in Saratoga County Supreme Court and the agreement addresses the tax consequences to each party as part of the divorce; (2) Defendant proved Plaintiff's innocent spouse form was fraudulent, and he then had to remedy this issue by seeking legal action in the divorce court (as the parties agreed in the separation agreement); (3) Plaintiff produced no documentation regarding the "legal direction" she allegedly received from the IRS, and, based on his phone call with an IRS representative, he was made aware that (a) it is against IRS rules to give legal advice, and (b) the IRS routinely considers determinations from divorce courts when addressing innocent spouse claims; and (4) Defendant is not the correct party for this action, because he did not issue the Order that Plaintiff challenges. (Dkt. No. 15, at 1-3.)

## II. RELEVANT PROCEDURAL LEGAL STANDARDS

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212, n. 20 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-514 (2002)). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 212, n.17 (emphasis added).[2]

---

[2]    *Accord, Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (Munson, J.); *Hudson v.*

6

The Supreme Court has explained that such *fair notice* has the important purpose of "facilitat[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Id.* at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). "As a result, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet this liberal notice pleading standard." *Rusyniak,* 629 F. Supp. 2d at 214; *Ashcroft v. Iqbal*, 556 U.S. 662, 677-83, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, although this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the

---

*Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998); *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.).

"[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Id.* at 1950 (internal quotation marks and citations omitted). However, although the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form

of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10, and 12.[3] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10, and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[4] Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson,* 549 F. Supp. 2d at 124, n. 28 (citations omitted).[5]

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal

---

[3]     *See Vega v. Artus*, 610 F. Supp. 2d 185, 196 & nn. 8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak*, 629 F. Supp. 2d at 214 & n. 34 (citing Second Circuit cases).

[4]     *See Rosendale v. Brusie*, 374 F. App'x 195, 196 (2d Cir. 2010) ("[A]lthough the courts remain obligated to construe a pro se complaint liberally, . . . the complaint must contain sufficient factual allegations to meet the plausibility standard."); *Vega*, 610 F. Supp. 2d at 196, n. 10 (citing Supreme Court and Second Circuit cases); *Rusyniak*, 629 F. Supp. 2d at 214 & n. 34 (citing Second Circuit cases).

[5]     It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a pro se pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (emphasis added). That statement was merely an abbreviation of the often-repeated point of law—first offered in *Conley* and repeated in *Twombly*—that a pleading need not "set out in *detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. at 1965, n. 3 (citing *Conley*, 355 U.S. at 47) (emphasis added). That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak*, 629 F. Supp. 2d at 214 & n. 35 (explaining holding in *Erickson*).

pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[6]

## III. ANALYSIS

### A. Whether the Court Should Grant Defendant's Motion to Dismiss Plaintiff's Complaint

---

[6] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of (1) documents attached to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

After carefully considering the matter, the Court answers the question in the affirmative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 8-1.) To those reasons, the Court adds the following analysis.

Even granting Plaintiff the special solicitude to which she is entitled as a *pro se* litigant, her Complaint does not contain the requisite factual allegations to support a claim under 42 U.S.C. § 1983. "By this statute, Congress 'establishe[d] a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.'" *Smiley v. Golub Corp.*, 14-CV-0641, 2015 WL 566323, at *5 (N.D.N.Y. Feb. 10, 2015) (Suddaby, C.J.) (quoting *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995)). "Relief under 42 U.S.C. § 1983 is premised upon a showing, first, that the defendant has denied the plaintiff a constitutional or federal statutory right and, second, that such denial was effected under color of state law." *Fluent v. Salamanca Indian Lease Auth.*, 847 F. Supp. 1046, 1056 (W.D.N.Y. 1994).

Here, Plaintiff did not, nor can she, allege that Defendant deprived her of "a constitutional or federal statutory right," or that he "acted under the color of state law." *Fluent*, 847 F. Supp. at 1056; *Smiley*, 2015 WL 566323, at *5. At its core, Plaintiff's Complaint challenges the Order issued by the Saratoga County Supreme Court awarding Defendant "monies from [Plaintiff] to be paid to the IRS." (Dkt. No. 1, at 2.) Plaintiff argues that she has a valid, fully executed innocent spouse determination from the IRS dated January 2, 2018, and brought this lawsuit because "[Defendant] notified [her] that he is engaging in enforcement of the fraudulent order," which she claims "violates [her] civil rights of a lawful order from a higher court." (*Id.*)

11

Even if the Court were to find that Plaintiff sufficiently pled a deprivation of her constitutional or federal statutory rights, she has not sufficiently alleged that *Defendant* deprived her of these alleged rights. *Smiley*, 2015 WL 566323, at *5; *Fluent*, 847 F. Supp. at 1056. Rather, Plaintiff's Complaint (as well as her opposition) take issue with the Order issued by the Saratoga County Supreme Court; her allegations against Defendant stem solely from him seeking to enforce that Order. (Dkt. No. 1, at 2; Dkt. No. 12, at 2 [stating that "Defendant is the correct person to file this complaint against" because he is "threatening to penalize me for following the letter of the New York State Supreme Court Order and for proceeding as [she] was advised by the IRS".) Defendant's hiring of an attorney to help enforce a presumptively valid court order from the Saratoga County Supreme Court is not a violation of Plaintiff's constitutional or federal statutory rights, but rather is a legal mechanism for him to collect the portion of the IRS tax debt Plaintiff has allegedly failed to pay in compliance with that Order. (Dkt. No. 8-1, at 2-3 [highlighting that Plaintiff has failed to pay any portion of the amount ordered by the Saratoga County Supreme Court and that Defendant "retained an attorney to prepare a demand letter to the plaintiff"].) Should Plaintiff believe the Saratoga County Supreme Court erred with respect to the Order regarding her tax liability (an issue this Court does not address, because the issue is not properly before it), Plaintiff's remedy was to file an appeal from the Order in the appropriate state court, not file a lawsuit in federal court against Defendant.

Further, Plaintiff has not sufficiently alleged that Defendant—her ex-husband—acted under color of state law at any point, much less when he allegedly deprived her of her constitutional or federal statutory rights. (Dkt. No. 1, at 2.) Plaintiff's failure to allege these facts is fatal to her Section 1983 claim. *Smiley*, 2015 WL 566323, at *5 ("It is well-settled that parties

12

may not be held liable under section 1983 unless it can be established that they have acted under the color of state law. State action is an essential element of any § 1983 claim.") (internal citations omitted).

Accordingly, the Court grants Defendant's motion to dismiss.

B.     Whether Plaintiff Should Be Granted Leave to Amend

After carefully considering the matter, the Court answers the question in the negative, for the reasons set forth below.

Ordinarily, the Court would grant Plaintiff leave to move to amend her Complaint before dismissing it. However, such leave is not required where the defects in a complaint are substantive rather than merely formal, such that any amendment would not cure them. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile."). This rule applies even to *pro se* plaintiffs. *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 103 (2d Cir. 2000) (finding the *pro se* plaintiff's "problem with [her] causes of action [was] substantive" and that "better pleading [would] not cure it"); *Brown*, 1997 WL 599355, at *1.

Here, the Court cannot imagine how, under the circumstances, Plaintiff could cure the deficiencies with respect to her 42 U.S.C. § 1983 claim. Because Plaintiff challenges the validity of the Order with respect to her innocent spouse determination from the IRS, and her only contention against Defendant is that he seeks to enforce that presumptively valid order, the Court

cannot see how Plaintiff may amend her Complaint to adequately cure the deficiency regarding Defendant's alleged deprivation of Plaintiff's civil rights. Further, Plaintiff cannot show Defendant acted under color of state law at any point with respect to events underlying this lawsuit.

Therefore, the Court finds that no amendment could cure the deficiencies identified herein.

### C. Whether the Court Should Grant Defendant's Request for Sanctions in His Motion to Dismiss

After carefully considering the matter, the Court answers the question in the negative for the reasons set forth below.

In his motion to dismiss, Defendant requests that the Court sanction Plaintiff "for using the [f]ederal [c]ourt system in a [f]rivolous manner and causing [him] to spend excess time to respond to a frivolous claim."[7] (Dkt. No. 8-1, at 7.) The Court recognizes that sanctions may be appropriate in certain circumstances where a plaintiff files a frivolous lawsuit or motion. *See* N.D.N.Y. L.R. 7.1(i) ("A party who presents vexatious or frivolous motion papers or fails to comply with this Rule is subject to discipline as the Court deems appropriate, including sanctions and the imposition of costs and attorney's fees to the opposing party."); *Logan v. Town of Windsor, N.Y.*, 19-CV-1590, 2020 WL 4049943, at *1 (N.D.N.Y. July 20, 2020) (Suddaby, C.J.); *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005). The Court finds that those circumstances are not present in the current case, however, because Plaintiff's pleading deficiencies may be

---

[7] Defendant also requested similar relief in his counterclaim. (Dkt. No. 11, at 5 ["I ask for sanctions against the plaintiff so she does not continue a pattern of filing frivolous actions."].)

wholly attributable to her *pro se* status.

**ACCORDINGLY,** it is

**ORDERED** that Defendant's motion to dismiss Plaintiff's Section 1983 claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for sanctions (Dkt. No. 8) is **DENIED**; and it is further ordered

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice**.

Date:   September 13, 2022
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge